**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION (BALTIMORE)**

| | | |
|---|---|---|
| **YVONNE GEDDIS LEE**<br>91 Hilcrest Terrace<br>South Hampton, NY 11968 | : | |
| v. | : | Case No. ___________ |
| **PROSEGUR SERVICES GROUP, INC.,**<br>598 Hillsboro Technology Drive<br>Deerfield Beach, FL 33441 | : | |
| Serve:<br>CSC—Lawyers Incorporating Service Company<br>7 St. Paul Street, Suite 820<br>Baltimore, MD 21202 | : | |
| and | : | |
| PROSPECT AIRPORT SERVICES, Inc.<br>2130 S. Wolf Road<br>Des Plaines, IL 60018 | : | |
| Serve Resident Agent:<br>Monika Wajda :<br>2130 South Wolf Road<br>Des Plaines, IL 60018 | : | |
| **JOHN/JANE DOE**,<br>an employee/agent of Prosegur, | : | |
| and | : | |
| **SOUTHWEST AIRLINES CO.**,<br>2702 Love Field Dr.<br>Dallas, TX 75235-1611 | : | |
| Serve:<br>The Prentice-Hall Corporation System<br>7 St. Paul Street, Suite 820<br>Baltimore, MD 21202 | : | |
| Defendants. | : | |

## SECOND AMENDED COMPLAINT AND JURY DEMAND

Plaintiff Yvonne Lee ("Plaintiff") alleges as follows against Defendants Prosegur Services Group, Inc. ("Prosegur"), Prospect Airport Services, Inc. ("Prospect"), John/Jane Doe, and Southwest Airlines Co. ("Southwest"):

### I. PARTIES

1. Plaintiff is an adult and, upon information and belief, a citizen of New York, NY.
2. Prosegur is a corporation with a principal office at 598 Hillsboro Technology Drive, Suite F, Deerfield Beach, FL 33441; it is authorized to do business in Maryland and maintains a resident agent at CSC—Lawyers Incorporating Service Company, 7 St. Paul Street, Suite 820, Baltimore, MD 21202.
3. Prospect is a corporation with its' principal office located at 2130 S. Wolf Road, Des Plaines Illinois. Prospect Airport Services operates at Baltimore Washington International Airport; it is authorized to do business in Maryland and maintains a resident agent in Illinois.
4. John/Jane Doe is the Prosegur/Prospect employee/agent who pushed Plaintiff's wheelchair during deplaning on January 25, 2023, identity presently unknown.
5. Southwest is a commercial air carrier with a principal office at 2702 Love Field Drive, Dallas, TX 75235-1611 and a Maryland resident agent at The Prentice-Hall Corporation System, 7 St. Paul Street, Suite 820, Baltimore, MD 21202.

### II. JURISDICTION AND VENUE

6. Subject-matter jurisdiction exists under 28 U.S.C. § 1332(a): Plaintiff is a citizen of New York; Prosegur and Southwest are citizens of states other than New York; Prospect is a

citizen of Illinois and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events occurred at Baltimore–Washington International Thurgood Marshall Airport (“BWI”) in Anne Arundel County, Maryland.

8. Divisional assignment is proper to the Northern Division (Baltimore) because the events occurred in Anne Arundel County.

## III. FACTS

9. On January 25, 2023, Plaintiff traveled on Southwest Flight 2389 from San Juan (SJU) to BWI, arriving around 9:35 a.m., with a connection to Long Island/Islip (ISP) departing about 10:45 a.m.

10. Plaintiff requested wheelchair assistance for deplaning. Southwest, directly and/or through Prosegur and or Prospect provided a wheelchair and an attendant agent/employee (John/Jane Doe) to assist Plaintiff from the aircraft and through the gate area.

11. At or near Gate B6 in BWI’s boarding area, the attendant agent employee of Prosegur or Prospect negligently handled the wheelchair. Plaintiff’s dress became entangled in the wheels; the attendant stumbled and/or lost control, flipping Plaintiff from the chair and propelling her into a wall, twisting her leg unnaturally.

12. Plaintiff landed on her knee and suffered a knee fracture, with additional injuries to her leg, ankle, and back. Medics were summoned and she was transported by ambulance for emergency care.

13. As a direct and proximate result, Plaintiff incurred medical expenses, pain and suffering, mental anguish, loss of income, and loss of enjoyment of life; some losses are permanent.

**COUNT I – NEGLIGENCE**

(Against John/Jane Doe Prosegur and Prospect; Vicarious Liability)

14. Plaintiff incorporates ¶¶1–13.
15. John/Jane Doe owed Plaintiff a duty to use reasonable care in operating and controlling the wheelchair and in safely assisting a deplaning passenger.
16. John/Jane Doe breached those duties by, among other things, failing to maintain control; permitting clothing to become caught in the wheels; operating at an unsafe speed/angle; failing to keep a proper lookout; and striking a wall/fixture, thereby ejecting Plaintiff.
17. Prosegur is vicariously liable under *respondeat superior* for the negligence of its' employee/agent acting within the scope of employment.
18. Prospect is vicariously liable under *respondeat superior* for the negligence of its' employee/agent acting within the scope of employment.
19. Defendants' negligence proximately caused Plaintiff's injuries and damages.

**COUNT II – NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION**
(Against Prosegur and Prospect)

20. Plaintiff incorporates ¶¶1–19.
21. Prosegur owed duties to hire qualified attendants; to train them on safe wheelchair operation—including clothing-entanglement hazards and gate-area navigation; to supervise their work; and to remove unfit personnel.
22. Prosegur breached these duties, proximately causing Plaintiff's injuries and damages.
23. Prospect owed duties to hire qualified attendants; to train them on safe wheelchair operation – including clothing-entanglement hazard and gate-are navigation; to supervise their work; and to remove unfit personnel

**COUNT III – NEGLIGENCE AGAINST SOUTHWEST**

(Common Carrier/Passenger Assistance)

24. Plaintiff incorporates ¶¶1–23.

25. As a common carrier responsible for Plaintiff during deplaning and for arranging wheelchair assistance, Southwest owed Plaintiff the highest degree of care consistent with the practical operation of its business, including to provide safe assistance, equipment, personnel, and procedures.

26. Southwest breached those duties by failing to provide competent attendants; failing to implement and enforce safe deplaning procedures; failing to ensure the wheelchair was properly maintained and operated; and failing to protect Plaintiff from foreseeable hazards.

27. Southwest's negligence proximately caused Plaintiff's injuries and damages.

**COUNT IV – VICARIOUS/APPARENT-AGENCY LIABILITY AGAINST SOUTHWEST**

28. Plaintiff incorporates ¶¶1–27.

29. At all relevant times, Prosegur and/or Prospect and their agents acted as Southwest's actual and/or apparent agents in providing passenger-assistance services integral to Southwest's carriage of passengers.

30. Southwest is vicariously liable for the negligent acts and omissions of Prosegur, Prospect and their employee/agent.

**VIII. COUNT V – RES IPSA LOQUITUR**
(Pled in the Alternative)

31. Plaintiff incorporates ¶¶1–30.

32. The ejection and fall of a properly seated wheelchair passenger during routine deplaning is an occurrence that does not ordinarily happen absent negligence by those in control of

the wheelchair and assistance process, which were under Defendants' control and not Plaintiff's.

33. Negligence may therefore be inferred, and Defendants are liable for Plaintiff's damages.

## IX. DAMAGES

34. As a direct and proximate result of Defendants' negligence, Plaintiff sustained a fractured knee and other injuries; incurred and will continue to incur medical expenses; suffered lost wages/loss of earning capacity; and endured physical pain, mental anguish, inconvenience, and loss of enjoyment of life.

35. Plaintiff seeks judgment, jointly and severally where permitted, in an amount to be determined by the jury but not less than $250,000.00, plus pre- and post-judgment interest and costs.

## JURY DEMAND

36. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendants, jointly and severally where permitted, awarding compensatory damages (not less than $250,000.00), interest, costs, and such other relief as the Court deems just and proper.

Respectfully submitted,

THE COCHRAN FIRM – CDCRS

/s/ Brian K. McDaniel
Brian K. McDaniel, Esq.
Atty ID: 9506210270
1001 L Street SE
Washington, DC 20003
Tel: (202) 331-0793
bmcdaniel@cochranfirmdc.com